PILLAR LAW GROUP, APLC
HENRIK MOSESI ESQ. (SBN 189672)
ART KALANTAR, ESQ. (SBN229626)
EDGAR SARGSYAN, ESQ. (SBN 308998)
150 S. RODEO DRIVE., SUITE 260
BEVERLY HILLS, CA 90212
Telephone: 310-999-0000
Facsimile: 888-667-5482

Attorney for Plaintiff
MAP Company

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MAP COMPANY, a closed joint stock Company,

Plaintiff,

v.

LEBANESE ARAK CORPORATION, a California Corporation; GARO KURKJIAN, an individual; and DOES 1-50, inclusive,

Defendants.

Case No.:

**COMPLAINT FOR DAMAGES, INJUNCTIVE, AND DECLARATORY RELEIEF**

(1) Unfair Competition under 15 U.S.C. §1125(a)
(2) Common Law Unfair Competition
(3) Deceptive Trade Practices under Cal. Bus. & Prof. Code §17200 and §17500 et. seq.

**JURY TRIAL DEMANDED**

Plaintiff, MAP COMPANY ("Plaintiff" or "MAP") sues Defendants LEBANESE ARAK CORPORATION. ("LAC" or "Defendant") and GARO KURKJIAN, ("KURKJIAN" or "Defendant") and alleges as follows:

## I. PARTIES

1. Plaintiff MAP Company ("Plaintiff" or "MAP") is a closed joint stock company organized under the laws of Armenia, with its principal place of business at Armenia, 0028, Yerevan, Kievyan St., 8 Building, (Arabkir adm. district of Yerevan).

2. On information and belief, Defendant LEBANESE ARAK CORPORATION ("LAC") is a corporation organized under the laws of the State of California, with its principal place of business at 724 Thompson Street, Glendale, California, 91201.

3. On information and belief, Defendant GARO KURKJIAN ("KURKJIAN"), an individual residing in Los Angeles County, California, owns a majority of shares in LAC and operates the business.

4. Plaintiff is presently unaware of the true names of the Defendants identified in the Complaint under the fictitious names Does 1-10. On information and belief, DOES 1-10 are unlawfully and unfairly using, without authorization, Plaintiff's MAP trademark, in connection with marketing and sale of counterfeit "Saint Grikor" Armenian Brandy. Plaintiff will amend its Complaint to identify the names of the Doe Defendants as they are discovered.

5. On information and belief, at all time herein mentioned, each defendant was the agent, servant, or employee of his, her or its co-defendant, and in doing the things hereinafter alleged, has acted within the course and scope of his, her or its authority and with the consent and authorization of its co-defendants.

6. On information and belief, at all times herein mentioned, each individual Defendant was and is the alter ego of the remaining entity Defendants, and that at all times herein mentioned there existed such a unity of interest in ownership between the individual Defendants and the remaining entity Defendants that any separateness has ceased to exist between them because (i) the individual Defendants and the remaining entity Defendants have commingled and used the assets of the other for their own benefit and have caused the assets of said entities to be transferred to them without adequate consideration; and (ii) the individual Defendants have exercised complete dominion and control over remaining entity Defendants,

and their properties, such that the foregoing entities are mere shells and instrumentalities for the conduct of the personal business and activities of the individual Defendants. Adherence to the fiction of a separate existence of the remaining entity Defendants would sanction fraud and permit an abuse of the legal benefits of true entities afforded limited liability.

7. On information and belief, MAP believes that there may be additional parties that have conspired with the Defendant(s) or materially contributed to the wrongdoing alleged in this complaint. MAP currently lacks information concerning the identity of these parties and reserves its right to amend this complaint as the identity of additional parties becomes known to MAP.

## II. JURISDICTION AND VENUE

8. This action arises under the federal trademark statute (the "Lanham Act"), 15 U.S.C. § 1051 *et seq.*, and under the common law of the State of California. This Court has subject matter jurisdiction over the federal trademark, false advertising, and unfair competition claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338, and 1367. The Court has subject matter jurisdiction over the related California state law claims pursuant to 28 U.S.C. §§ 1338 and 1367. This Court has general and specific personal jurisdiction over LAC and KURKJIAN because they have substantial contacts within the State of California, regularly conducts business in the State of California, have purposefully directed their commercial activities at residents of California, have caused damages to Plaintiff in California, and the claims herein arise out of LAC and KURKJIAN'S forum-related activities.

9. Venue is proper in this judicial district under 28 U.S.C. Section 1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred in this district and division.

## III. GENERAL ALLEGATIONS

10. The Wine Brandy Factory of Hoktemberian was founded in 1944 in the village of Lenughi. After privatization in 1995 it was renamed to MAP CJSC (closed joint stock company).

11. MAP has become one of the leading companies in Armenia that produces up to 14 million liters of first-class alcohol drinks annually.

12. MAP produces extremely high quality Armenian Brandy by carefully selecting, processing and distilling grapes and aging the spirits in oak barrels under rigorous quality control standards and care in order. MAP has been doing this since the 1940's and has developed its own "classic technology" in order to come up with consistent brandy products that are well known throughout the world.

13. MAP produces the following brands of Armenian brandy:

Golden 25; Makar 30; Paruyr Sevak 40; Golden 3, Golden 5, Golden 7; Golden 10; Arame 3, Arame 5; Gyumri 7; Anahit 10; Mashtots 15; Arame 20; Ashot 20; Ashot Erkat 22; Makar 25, and Arame 30, and Mesrob Mashtots.

14. MAP produced "Saint Grigor" Armenian brandy solely for the U.S. Market at the specific request of LAK.

15. Plaintiff has not consented to, sponsored, endorsed, or approved of Defendants' use of the MAP trademark or any variations thereof in connection with the manufacture, marketing, or sale of Saint Grigor 30; Saint Grigor 50 or Mesrob Mashtots Armenian Brandy.

16. On its website at http://www.lacproducts.com/spirits_brandy.php, LAC offers "St. Grigor 30" as one of the brandies that it sells to the public. Below is a true and correct copy of the image from LAC's website. LAC designates this brandy as being the "Product of Armenia".



SAINT GRIGOR "30 YEARS OLD" ARMENIAN BRANDY

*80 Proof • 750ml/6*
*Product of Armenia*

17. On its website http://www.lacproducts.com/spirits_brandy.php, LAC offers "Saint Grigor 50" as one of the brandies that it sells to the public. LAC designates this brandy as being the "Product of Armenia" and that it is bottled by "MAP Company, Yerevan, Republic of Armenia."

SAINT GRIGOR "50 YEARS OLD" ARMENIAN BRANDY

50 Years Old - Symbol of perfection. Best Brandy ever made in Armenia. Produced and bottled by MAP Company, Yerevan, Republic of Armenia.

*Limited Quantities Available*
*84 Proof • Individual Gift Box*
*Product of Armenia*

18. On its website http://www.lacproducts.com/spirits_brandy.php, LAC offers "Mesrob Mashtots Brandy" as one of the brandies that it sells to the public. LAC designates this brandy as being the "Product of Armenia".

MESROB MASHTOTS BRANDY

Mesrob Mashtots Brandy is made with the finest grapes from the Araratian Region. Its rich mellow flavor is matured twenty-five years to unsurpassed perfection.

*Mesrob Mashtots is the first Armenian Brandy to win a gold medal in the North American competition.*

*80 Proof • 750ml/6 • Gift Box with 2 Glasses*
*Product of Armenia*

19. The bottles of "Saint Grigor 50" brandy sold by LAC and purchased by Plaintiff in various stores in Los Angeles County have labels which falsely state that the brandy contained in the bottle was "Produced and Bottled by 'MAP' Company, ARMAVI REGION, ARMENIA" and "Imported and Distributed Exclusively by: LAC Products, Glendale, CA 91201". Set forth below is a true and correct image (and close-up) of the label for a Saint Grigor 50 brandy.





20. The bottles of "Saint Grigor 30" brandy sold by LAC and purchased by Plaintiff in various stores in Los Angeles County have labels which falsely state that the brandy contained in the bottle was "Produced and Bottled by 'MAP' Company, ARMAVI REGION, ARMENIA" and "Imported and Distributed Exclusively by: LAC Products, Glendale, CA 91201". Set forth below is a true and correct image (and close-up) of the label for a Saint Grigor 30 brandy.

21. LAC and TURKJIAN provide retailers in the Los Angeles area with display material which states that "Saint Grigor" Armenian Brandy is a "Product of Armenia". Set forth below is a true and correct copies of images of promotional displays that appear in stores.

SPECIAL
SAINT 18y.
Grigor
$49.99+tax
PRODUCT OF ARMENIA

SPECIAL
SAINT 18y.
Grigor
$49.99+tax
PRODUCT OF ARMENIA
18
SAINT GRIGOR
Armenian Brandy 18 Years Old

22. On information and belief, Defendants' actions are willful and reflect an intent to confuse consumers and profit from the goodwill and consumer recognition associated with Plaintiff's mark.

**FIRST CLAIM FOR RELIEF**

**Federal Unfair Competition and False Designation of Origin**

**15 U.S.C. § 1125(a)**

23. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 22 above as if fully set forth herein.

24. Defendants' actions described above and specifically, without limitation, Defendants' use of the "MAP" trademark, in commerce to advertise, market, and sell alleged Armenian Brandy products throughout the United States including California; their use of product display material; their misrepresentations on LAC's website regarding both the origin and manufacturer of Saint Grigor and Mesrob Mashtots brandy; and Defendants' knowledge, participation, and inducement thereof, constitute unfair competition and false advertising in violation of 15 U.S.C. § 1125(a).

25. Defendants have deliberately and willfully attempted to trade on Plaintiff's longstanding and hard-earned goodwill in its name and marks and the reputation established by Plaintiff in connection with its products and services, as well as in order to confuse consumers as to the origin and sponsorship of Defendants' goods and to pass off their products and services in commerce as those of Plaintiff's.

26. Consumers are likely to be misled and deceived by Defendants' representations regarding Plaintiff having produced and bottled "Saint Grigor 30" and "Saint Grigor 50" and "Mesrob Mashtots" brandies. Consumers are likely to be misled and deceived by Defendants'

representations that the "Saint Grigor" and "Mesrob Mashtots" brandies that they sell are both produced by MAP in Armenia and that "Saint Grigor" brandies are in fact aged for 30 and 50 years respectively.

27. Defendants knew or should have known that their statements were false or likely to mislead.

28. As an actual and proximate result of Defendants' willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial, and unless Defendants are enjoined, Plaintiff will continue to suffer irreparable harm and damage to its business, reputation, and goodwill.

29. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to damages for Defendants' Lanham Act violations, an accounting for profits made by Defendants on Saint Grigor and Mesrob Mashtots Armenian Brandy products, as well as recovery of the costs of this action. Furthermore, Plaintiff is informed and believes, and on that basis alleges, that Defendants' conduct was undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case entitling Plaintiff to recover additional damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF

## Common Law Unfair Competition

30. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 28 above as if fully set forth herein.

31. Defendants aforementioned acts constitute unfair competition under common law.

32. Defendants' use of the MAP mark and brand identifier on its goods and services is likely to confuse and mislead the public and to induce the mistaken belief that MAP's goods are associated with those produced by LAC and KURKJIAN.

33. By reason of such unfair competition, Plaintiff has suffered and will continue to suffer substantial damage to its business in the form of diversion of trade, loss of profits, loss of goodwill, and damage to reputation.

34. By reason of the aforesaid unfair competition as alleged above, Defendants are liable to Plaintiff for the actual damages suffered by Plaintiff and any additional profits earned by Defendants as a result of said acts.

35. By reason of Defendants' acts alleged herein, Plaintiff's remedy at law is not adequate to compensate for the damages caused by Defendants. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief.

**THIRD CLAIM FOR RELIEF**

**Unfair Business Practices under Cal. Bus. & Prof. Code §17200 and §17500 et seq.**

36. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 34 above as if fully set forth herein.

37. This is an action for damages and injunctive and declaratory relief pursuant to the laws of the State of California, over which this court is empowered to exercise supplemental jurisdiction under 28 U.S.C. § 1367.

38. Defendants' aforementioned acts constitute deceptive trade practices under the common law and under California Business and Professions Code §17200 and §17500 et seq.

39. Defendants' use of a mark identical and/or confusingly similar to Plaintiff's trademark infringes Plaintiff's rights in its MAP mark. In the course of their business Defendants

have knowingly made false representations as to the source, sponsorship, approval, affiliation, and connection with Plaintiff and Plaintiff's products and that such products are "Products of Armenia" when it is not; and that "Saint Grigor 30" is in fact aged for 30 years, when it is not; and that "Saint Grigor 50" is in fact aged for 50 years, when it is not.  This use is likely to cause confusion, mistake, or deception among consumers, who will believe that the brandy sold by Defendants' originate from, or are affiliated with, or endorsed by Plaintiff when, in fact, they are not.

40. By engaging in the aforementioned acts, Defendants knew or should have known that its conduct was unfair or deceptive, and Defendants are therefore in violation of California Business and Professions Code §17200 et seq.

41. As a direct and proximate result of Columbus' actions, Plaintiff suffered damages, and is therefore entitled to all remedies allowable under California Business and Professions Code §17200 et seq.

## JURY DEMAND

42. Pursuant to Federal Rule of Civil Procedure section 38(b), Plaintiff demands a trial by jury as to all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, prays for the following relief:

1. Issuance of a preliminary and permanent injunction prohibiting Columbus, its respective officers, agents, servants, employees and/or all persons acting in concert or participation with them, or any of them, from using Plaintiff's mark or confusingly similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases or designs, in commerce or in connection with any business, advertising, or for any other purpose.

2. An award of compensatory, consequential, statutory, treble, and punitive damages, including corrective advertising, to Plaintiff in an amount to be determined at trial;

3. An award of interest, costs and attorneys' fees incurred by Plaintiff in prosecuting this action; and;

4. An award of increased or exemplary damages pursuant to California Business and Professions Code section 17200 et seq., including, but not limited to, treble damages, and as otherwise permitted by law;

5. For an award of prejudgment and post-judgment interest; and

6. For such other relief as the Court may deem just and proper.

**DEMAND FOR A JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: July 8, 2016

**Pillar Law Group, APLC**

By: ______________________________

Henrik Mosesi, Esq.
Art Kalantar, Esq.
Edgar Sargsyan, Esq.
Attorneys for MAP Company